UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLIED INSURANCE COMPANY OF AMERICA as subrogee of VEER PETRO, INC., d/b/a CITGO, | ) ) ) 20 C 5479 |
| Plaintiff, | ) ) Judge Gary Feinerman |
| vs. | ) ) |
| UNITED STATES POSTAL SERVICE, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Allied Insurance Company of America brought this suit against the United States Postal Service ("USPS") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*., alleging that a USPS truck driver, Cortez Stewart, negligently drove into and damaged a gas pump at a Shell gas station owned by Allied's insured and subrogor, Veer Petro, Inc. Doc. 1. The court held a bench trial. Doc. 34.

Pursuant to Civil Rule 52(a), the court enters the following Findings of Fact and Conclusions of Law. The Findings of Fact rest on the court's evaluation of the exhibits and witness testimony; unless otherwise noted, if the court cites witness testimony to support a factual finding, the court found that testimony credible. To the extent that any Findings of Fact may be considered Conclusions of Law, they shall be deemed Conclusions of Law, and vice versa. After carefully considering the evidence and assessing the witnesses' credibility, the court finds that Allied has failed to show by a preponderance of evidence that Stewart was negligent, and therefore renders a verdict and enters judgment in favor of USPS.

## Findings of Fact

### A.     The Parties

1.     Cortez Stewart has served as a USPS letter carrier for twenty-three years.  Tr. (Stewart testimony).

2.     Stewart's job duties include delivering mail in a USPS long-life vehicle ("LLV").  Tr. (Stewart testimony).

3.     Stewart received training on how to drive USPS LLVs.  Tr. (Stewart testimony).

4.     Stewart has driven the same route most every workday for over ten years.  Tr. (Stewart testimony).

5.     Veer Petro, Inc., Allied's insured and subrogor, owns a Shell gas station located at 300 Dixie Highway, Chicago Heights, Illinois.

6.     The Shell station is one of the first stops on Stewart's route.  Tr. (Stewart testimony).

7.     The Shell station has two entrances on Ashland Avenue and two entrances on Dixie Highway.  Tr. (Stewart testimony); Bains Dep. at 10.

8.     There is more traffic on the Dixie Highway side of the Shell station than on the Ashland Avenue side of the station.  Tr. (Stewart testimony).

9.     Oncoming traffic comes south on Ashland Avenue from Dixie Highway.  Tr. (Stewart testimony).

### B.     The Accident

10.     A snow fall on November 11, 2019 resulted in a layer of ice on the paved surfaces at the Shell station.  Def. Exhs. 1-4; Tr. (Singh testimony).

11.     The ice layer was present at the entrances to the Shell station on both Ashland Avenue and Dixie Highway.  Def. Exhs. 1-4; Tr. (Nichols testimony).

12.     On November 12, 2019, Stewart drove his typical route.  Tr. (Stewart testimony).

13.     Stewart delivered mail to businesses at a strip mall on the southwest corner of Dixie Highway and Ashland Avenue, across Ashland Avenue from the Shell station.  Tr. (Stewart testimony).

14.     There was no ice on the paved surfaces of the strip mall.  Tr. (Stewart testimony).

15.     To get to the Shell station from the strip mall, Stewart crossed Ashland Avenue, which has four lanes and which, at the time Stewart crossed, had no ice.  Tr. (Stewart testimony).

16.     Before crossing Ashland Avenue, Stewart came to a stop and checked for traffic, including oncoming traffic from Dixie Highway to the north.  Tr. (Stewart testimony).

17.     When crossing Ashland Avenue and entering the Shell station, Stewart drove at 10 miles per hour.  Tr. (Stewart testimony).

18.     Once Stewart's back tires hit the apron of the entrance to the gas station, his LLV began to slide.  Tr. (Stewart testimony).

19.     In attempting to stop the slide, Stewart turned the wheel away from the slide, hit the brakes, and pulled the emergency brake.  Tr. (Stewart testimony).

20.     Stewart's accident prevention measures—turning the wheel, hitting the brakes, and engaging the emergency brake—complied with USPS policy and reflected safe driving practices.  Tr. (Nichols testimony).

21.     Stewart's LLV slid 52 feet into a gas pump.  Tr. (Stewart testimony).

22.     The accident caused $19,900.12 in damage to the pump.  Doc. 29 at 1.

### Conclusions of Law

Illinois tort law governs the substantive issues in this FTCA suit because the incident took place in Illinois.  *See Smith v. United States*, 860 F.3d 995, 998 (7th Cir. 2017).  "To

establish a claim for negligence under Illinois law, a plaintiff must prove the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Swearingen v. Momentive Specialty Chems., Inc.*, 662 F.3d 969, 972 (7th Cir. 2011) (citing *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011)). The plaintiff bears the burden of establishing by a preponderance of the evidence each element of the claim. *See Blue v. Env't Eng'g, Inc.*, 828 N.E.2d 1128, 1142 (Ill. 2005).

Stewart had a "duty to operate a motor vehicle in a safe and reasonable manner." *Morales v. Ramirez*, 2013 WL 3148273, at *4 (Ill. App. 2013). As part of that duty, Stewart was "required to drive at a speed which is reasonable and proper for traffic conditions." *Watkins v. Schmitt*, 665 N.E.2d 1379, 1387 (Ill. 1996). Stewart also had "a duty to decrease speed when approaching and crossing an intersection … or entering the highway in compliance with legal requirements and the duty of all persons to use due care." 625 ILCS 5/11-601(a).

Stewart complied with the duties imposed by Illinois law. Ashland Avenue is a four-lane road with traffic coming from both directions, including the relatively busy Dixie Highway to the north. Stewart came to complete stop and checked for traffic before crossing Ashland Avenue, and then crossed and entered the Shell station at the reasonable speed of 10 miles per hour. His driving was reasonable under the circumstances. This conclusion is not undermined by the fact that Stewart's LLV slid on ice upon entering the station, as he could not reasonably have been expected to cross Ashland Avenue at a speed of less than 10 miles per hour given the possibility of oncoming traffic from Dixie Highway to the north, and he could not reasonably have been expected to know that the surface of the Shell station would be as slippery as it turned out to be, particularly given that there was no ice on Ashland Avenue or on the paved surfaces of the strip mall.

Allied contends that Stewart should have chosen a route that would have resulted in his entering the gas station from one of the Dixie Highway entrances. But had he done so, he would have had to enter the gas station at around the same speed due to the traffic on Dixie Highway, and the Dixie Highway entrances were as icy as the Ashland Avenue entrances.

## Conclusion

Allied has failed to carry its burden of showing that Stewart drove negligently. The court therefore enters judgment in favor of USPS and against Allied.

November 29, 2021

_____
United States District Judge